## Case No. 14,831.
### UNITED STATES v. COLCHESTER.
[2 Int. Rev. Rec. 70.]

District Court. S. D. New York. 1865.

INTERNAL REVENUE—LICENSE—JUGGLERY—SPIRITUAL MEDIUMS.

The indictment charges Chas. J. Colchester with "practising as a juggler without license." The act of congress under which the defendant is indicted provides that every juggler shall pay a license fee of $20, and further "that any person who performs by sleight of hand shall be deemed a juggler." The defendant denies that he is a juggler. It appears that he offered to take out a license as a "spiritual medium," but the government officials refused to give him a license unless he would take out such license as a juggler, in other words consider himself a juggler. This the defendant absolutely refused to do, but offered the assessor to pay him whatever he might ask for a license as a spiritual medium, or to be known by any other appropriate appellation the official might choose to apply to his calling. The officer, however, refused to grant a license to him, other than as a juggler. The defendant declined the terms of the government officer, whereupon he was arrested, indicted, and the trial of the case transferred to this city. The defendant, upon being arraigned before the court, pleaded "not guilty" to the charge contained in the indictment, whereupon a jury was empaneled.

Mr. Dart, U. S. Dist. Atty., and Charles H. Tappin, Asst. U. S. Dist. Atty.

Josiah Cook and George B. Hibbard, for the defence.

[The following is a report of District Attorney Dart's address to the jury:]

"The prisoner at the bar, Charles J. Colchester, stands indicted for the offence of practising the trade or profession of a juggler, without having procured a license therefor, as required by the 'act to provide internal revenue, to support the government, to pay interest on the public debt, and for

other purposes,' approved June 30, 1864. The case seems to be one simple of solution, and involving no great public concern, and such I apprehend will be its result. The performance of singular and extraordinary feats of rappings, answering questions inclosed in envelopes, and the like, publicly, and for fee and reward, will not be seriously contested, perhaps admitted. The peculiar defence of the prisoner I can only gather from newspaper reports and public rumor, which assert that the prisoner will prove, or attempt to prove, that in the performance of these feats of apparent legerdemain, he is the mere passive instrument of spiritual control, and that he does not practice sleight-of-hand. I see assembled here a great multitude, not 'the spirits of just men made perfect,' but of men and women in their corporeal form. While I concede the inestimable value of the press, I cannot forbear the remark that it has been made the instrument of magnifying this case into undue proportions, and to cause the public to believe that it is a contest between the United States and a large body of citizens calling themselves spiritualists, and an endeavor on the part of the former to crush out a religious sect, and to expose its heresies, if it has any, and that the result of this trial will establish the fact whether spiritualism is true or false. Nothing can be further from the truth. The result of this trial can accomplish no such thing. It is a simple inquiry whether Charles J. Colchester is practising sleight of hand under the guise of spiritual control; and if he is, it is quite as important to professed spiritualists that he should be exposed, as it is to the public, whom he is deluding, and to the government, which he is defrauding. I trust, therefore, should there be a believer in this faith upon the jury, he will not look upon me as a persecutor, but will go hand in hand with me in my endeavor to expose his impositions if he is an impostor, and to compel him, if a juggler, to contribute his proportion to support the government, to pay interest upon the public debt, and for other purposes. There are and ever have been tricks in what used to be known as the 'Black Art,' a jugglery, which has baffled the inquiries of the curious, and are known only to the practisers of that art, and I will proceed to adduce evidence to prove that the prisoner is a disciple of that school."

[The case was tried before HALL, District Judge.]

After a lengthy trial, during which several witnesses versed in diablerie were examined, the case was submitted to the jury, who soon returned a verdict of "guilty." This, in fact, determines "paying mediums" like Mr. Colchester, to be jugglers within the meaning of the excise law, and as such liable to license.